The opinion of the Court was delivered by
Tilghman, C. J.
By the Act of 1705, the award of the referees, “ being made according to the submission of the parties and approved of by the Court, and entered upon the record, shall have the same effect, and shall be deemed and taken to be as available in law, as a verdict given by twelve men, and the party to whom any sum of money shall be awarded to be paid, shall have judgment, &c.”
This award is wanting in an essential quality; it is not final, but instead of deciding the matter in dispute, refers the decision to the Court. This was contrary to the intent of the parties, who submitted the decision, not to the Court, *230 but to the referees. No award should be approved of by the Court, but one which is in itself a perfect award. The plaintiff’s counsel have endeavoured to support this award by comParing it to a special verdict. They say, that judgmeht is to be entered on it, as on a verdict, and therefore judgment may be entered as on a special verdict, which finds the facts, and refers the law to the Court. But this is not the true construction of the Act of Assembly ; by which it was not intended to alter the nature of an award. The award must be good per se in order to authorise the Court to enter judgment on it. By the by, if this award were considered as a special verdict, it would not answer the plaintiff’s purpose, for supposing the constable who made the levy to have been a lawful officer, it is not found that any warrant or execution came to his hands authorising him to make the levy mentioned in the award.
It is the opinion of the Court, that the award should be set aside, and the judgment reversed.
Judgment reversed.